UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Crim. No. 20-236 (JXN) |
| | : | |
| GARY SHAHID, *et al.* | : | OPINION |
| | : | |

**NEALS**, District Judge:

This matter comes before the Court on Defendant Gary Shahid's ("Shahid") *pro se* motion for a hearing to consider the removal of Shahid's counsel, Thomas Ambrosio, Esq., appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A ("CJA counsel") (ECF No. 342) (the "Letter Motion"). Having **GRANTED** Shahid's request for a hearing (ECF No. 347) and considering the request for alternative counsel at the April 8, 2024 hearing (ECF No. 368) (the "April Status Conference"); and for the reasons set forth below, the Court **DENIES** Shahid's Letter Motion (ECF No. 342) for the appointment of new CJA counsel. The Court **ORDERS** that the January 23, 2023 Appointment of Attorney Order (ECF No. 255) shall remain in force and effect. Shahid has 14 days from the date hereof to advise whether he chooses to accept Mr. Ambrosio's representation or proceed *pro se*.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

A.  **Shahid's Repeated Requests to Replace Counsel**

On February 25, 2020[1], Magistrate Judge Michael A. Hammer appointed Peter Carter, AFPD as Shahid's counsel. (ECF No. 24). On March 30, 2021, former District Judge John Michael Vasquez granted Shahid's request for alternative counsel and appointed Kathleen

---

[1] On February 28, 2020, the Order was entered on the CM/ECF docket.

1

Theurer, Esq., as CJA counsel. (ECF Nos. 92-93). On August 5, 2021, Shahid requested that the Court appoint new CJA counsel. (ECF Nos. 124, 127). On September 15, 2021, Judge Vasquez denied the request. (ECF No. 207). On June 27, 2022,[2] Judge Vasquez denied Shahid's further request for new CJA counsel. (ECF No. 211).

On December 20, 2022, Ms. Theurer requested that Judge Vasquez "consider Mr. Shahid's continued and vehement objection to [her] representation of him in this case" and that the Court "provide him with new counsel or permit him to represent himself." (ECF No. 244). On January 19, 2023, Judge Vasquez granted Shahid's request and appointed Mr. Ambrosio as Shahid's CJA counsel. (ECF Nos. 251, 55). On March 6, 2023, Mr. Ambrosio advised that Shahid "wants to represent himself." (ECF No. 263). On March 22, 2023, Judge Vasquez denied Shahid's request for new CJA counsel. (ECF No. 266).

### B.     This Court Schedules a Hearing to Consider Appointing New CJA Counsel

On February 29, 2024,[3] Shahid filed the Letter Motion seeking a hearing to consider appointing new CJA counsel. (ECF No. 342 at 2-11[4]). On March 15, 2024, this Court[5] granted Shahid's request for a hearing. (ECF No. 347). On April 8, 2024, the Court held the April Status Conference. (ECF No. 368). At the April Status Conference, Shahid and Mr. Ambrosio confirmed Shahid's request for new counsel. (Apr. 8, 2024 Status Conf. Tr. Rough Draft at T8:4-16). On April 17, 2024, Mr. Ambrosio advised that Shahid would like to "represent himself if appoint[ing]" new CJA counsel will delay the trial date. (ECF No. 367). Accordingly, whether to appoint new CJA counsel is ripe for consideration.

---

[2] On July 6, 2022, the Minute Entry was entered on the CM/ECF docket.
[3] On March 12, 2024, the Letter Motion was entered on the CM/ECF docket.
[4] The Court refers to the ECF page numbers.
[5] On October 12, 2023, this matter was reassigned to this Court. (ECF No. 319).

## II.     STANDARD OF REVIEW

"To qualify for substitution of counsel, a defendant must demonstrate good cause, such as a 'conflict of interest, a complete breakdown in communication, or an irreconcilable conflict with the attorney.'" *United States v. Fisher*, 126 F.App'x 71, 73 (3d Cir. 2005) (internal quotation marks and citation omitted). "If the defendant does not establish good cause, then the defendant must choose between proceeding pro se or accepting counsel's representation." *United States v. Carter*, No. 22-3395, 2024 WL 195475, at *4 (3d Cir. Jan. 18, 2024) (citation omitted).

## III.     DISCUSSION

### A.     Good Cause is lacking to Remove Mr. Ambrosio

Since 2021, Shahid has repeatedly requested that the Court replace his attorneys. (ECF No. 92). In the recent Letter Motion, Shahid has not demonstrated good cause to appoint alternative CJA counsel. Accorindly, Mr. Ambrosio remains as Shahid's CJA counsel.

"The Sixth Amendment provides that 'in all criminal prosecutions, the accused shall enjoy the right to have the Assistance of Counsel for his defense.'" *United States v. Goldberg*, 67 F.3d 1092, 1097 (3d Cir. 1995) (quoting U.S. Const. amend. VI) (ellipses omitted). An "indigent defendant[]" may "request the appointment of new counsel, or to proceed *pro se*, if [he or she] is unhappy with their current court-appointed attorney." *United States v. Senke*, 986 F.3d 300, 309 (3d Cir. 2021) (footnote omitted). In deciding whether to grant the defendant's "request under the Sixth Amendment for new counsel or to proceed *pro se*[,]" the Court considers a two-part test. *Carter*, 2024 WL 195475, at *4 (citing *United States v. Welty*, 674 F.2d 185 (3d Cir. 1982)).

First, whether there is a "conflict of interest, a complete breakdown in communication, or an irreconcilable conflict with his attorney." *Id.* at *4 (internal quotation marks and citation omitted). "If good cause exists, counsel should be dismissed, even though it may necessitate

continuing the trial." *Id.* at *4 (internal quotation marks and citation omitted). Second, "[i]f the defendant does not establish good cause, then the defendant must choose between proceeding *pro se* or accepting counsel's representation." *Id.* at *4 (citation omitted). Here, the record contains no evidence of a "conflict of interest," a "complete breakdown in communication," or an "irreconcilable conflict" to cause the removal of Mr. Ambrosio.

In determining whether good cause exists, district courts consider "the reason for the defendant's dissatisfaction with his existing attorney . . . ." *Senke*, 986 F.3d at 310 (internal quotation marks and footnote omitted). Here, the Court considered the Letter Motion, as well as Shahid's and Mr. Ambrosio's statements at the April Status Conference. *See United States v. Diaz*, 951 F.3d 148, 154 (3d Cir. 2020) (Court's inquiry "need not include a one-on-one colloquy with the defendant" and "may consider a variety of sources" and should "allow[] the defendant, as well as counsel, the opportunity to be heard on the matter.") (citation omitted).

In the Letter Motion, Shahid asserts that he "do[es] not feel that Mr. Ambrosi[o] has [his] best interests at heart and [] feel[s] that we have lost good communication." (Ltr. Ord.). Additionally, that he "would like to file [certain dispositive] motions[6][.]" (*Ibid.*). At the April Status Conference, Shahid expounded on his dissatisfaction with Mr. Ambrosio:

> My attorney is ineffective. My attorney - - gave an omnibus motion to the Court with no law in it. Just a bunch of rhetoric. And I can't use that. That's a bunch of - - no law at all. The only law that was in the omnibus motion was the law that was the motion that I wrote, and he copied the motion and mailed it in. He is ineffective.

(*Id.* at T8:17-T9:2).

---

[6] Though Shahid represents that Mr. Ambrosio's Omnibus motion (ECF No. 273) was denied "because there was no law" in the "omnibus motions, except for the one" Shahid drafted under Federal Rule of Criminal Procedure 48(b) (*see* Apr. Status Conf. at T11:17-18), the motion contains law on severing Shahid from other defendants (ECF No. 273 at 3-4) and the standard to grant a motion to suppress. (*Id.* at 5). And in filing the Omnibus motion, nothing in the record suggests Mr. Ambrosio cannot file the motions Shahid indicates he plans to file. Further, Shahid represented that he prepared the motion of which he complains. (*Id.* at T8:21-T9:2; T11:14-18).

4

Shahid further stated that he "asked Mr. Ambrosio two years ago to get an expert" to testify that a video disclosed in discovery was "tampered with[,]" which he did not do. (*Id.* at T9:8-12). None of Shahid's proffered reasons demonstrate good cause to remove Mr. Ambrosio.

First, "disagreement over legal strategy does not constitute good cause of substitution of counsel." *United States v. Gibbs*, 190 F.3d 188, 207 n.10 (3d Cir. 1999) (citations omitted). Second, Shahid is "not entitled to choose his own appointed counsel." *United States v. Hafner*, No. 19-790, 2023 WL 2384474, at *3 (D.N.J. Mar. 6, 2023) (citing *Senke*, 986 F.3d at 314) ("[R]ight to choose one's own counsel does not extend to defendants who require appointed counsel."); *United States v. Lacerda*, 929 F. Supp. 2d 349, 354 (D.N.J. 2013) ("[E]ssential aim of the Sixth Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers.") (internal quotation marks and citation omitted).

Third, Mr. Ambrosio's representation does not appear to have caused the continuances in this matter (*see* Apr. Status Conf. at T10:11-12), which largely occurred prior to the reassignment to this Court. (ECF No. 319). Judge Vasquez appointed a Coordinating Discovery Attorney to manage the voluminous discovery exchanged, including protected discovery that Mr. Ambrosio reviewed with Shahid after his appointment. (*See* ECF No. 134; Apr. Status Conf. at T10:4-10; T26:8-12). Further, this matter was designated a complex case (ECF No. 73), which likely contributed to additional continuances.

Moreover, it appears that Shahid's own actions further delayed this case. *See* (ECF No. 188) (Shahid "refus[ed] to leave his cell to come to the courthouse" and "refused to submit to a COVID-19 test which is still required for transport"); (ECF No. 209) (Judge Vasquez directed law enforcement and jail personnel to "use any necessary force to bring" Shahid "before this court by

5

video conference without unnecessary delay."); (ECF Nos. 213-14) (despite Shahid's "unfounded" claim that he was unable to review discovery and conduct legal research at law library, Judge Vasquez *sua sponte* granted Shahid "additional access" to the "law library and its computers[.]"). The Government also provided information as to additional actions by Shahid that caused delay. (*See* Apr. Status Conf. at T19:18-T20:6) (Shahid "refused" to communicate with prior counsel and leave his cell; did not allow a computer to be placed in his cell to review discovery; and did not want to meet with prior counsel). The Court notes however, that Mr. Carter, Shahid's initial counsel, advised that in 2021 Shahid was "having technical problems viewing the [discovery] videos" and had "access to a computer only on Sundays for an hour or so a week." (ECF No. 84).

Fourth, Mr. Ambrosio continues to communicate with Shahid and advises that he remains committed to representing Shahid. Mr. Ambrosio met with Shahid after the April Status Conference and stated that he "will continue to zealously represent Mr. Shahid until such time as his case is resolved" and is "willing to go forward" in his representation. (*See* Apr. Status Ltr; Apr. Status Conf. at T9:19-24). Thus, the Court does not find that Shahid and Mr. Ambrosio are currently unable to work together. *See United States v. Hafner*, No. 19-790, 2023 WL 2482960, at *1 (D.N.J. Mar. 13, 2023) (finding good cause to relieve counsel due to the "[t]he attorney-client relationship [being] broken beyond repair" and being unable to "work together.") (internal quotation marks, brackets, and ellipses omitted).

Fifth, and finally, assigning new counsel will most certainly further delay this case. "[G]iven the volume of discovery in this case and [Shahid's] desire to have a speedy trial," new counsel is likely "going to request a substantial amount of time to review" the discovery; and appointing new counsel may "lead to a continuance" and likely will delay the trial date. (*See* Apr. Status Conf. at T9:24-T10:3; T14:9-17; T15:3-5; T18:7-9). In representing Shahid for "well over

a year" (*Id.* at T9:3-5), and in reviewing the discovery, Mr. Ambrosio has the necessary familiarity to proceed to trial. Thus, Shahid has not shown good cause to replace Mr. Ambrosio.

### B. Shahid Did Not Intelligently and Competently Request to Appear *Pro Se*

The Court further finds that Shahid has not effectively revoked his right to counsel. *See United States v. Low*, 401 F.App'x 664, 665 (3d Cir. 2010) ("[W]aiver of the right to counsel is only valid if it is knowing, voluntary, and intelligent.") (citation omitted); *see also* Fed. R. Crim. P. 44(a) (A defendant is "entitled to have counsel appointed to represent" him "at every stage of the proceeding from initial appearance through appeal, unless the defendant waives this right.").

In the Letter Motion, Shahid requests that the Court "assign to [him] a new attorney" (*see* Ltr. Mot. at 1), but does not request therein to appear *pro se*. Instead, Shahid stated at the April Status Conference that "[i]f push comes to shove, . . . [he] will represent" himself, to which the Court responded that it may "not be in [his] best interest" to do so. (Apr. Status Conf. at T18:11-12; T18:18-22). Further, Ms. Theurer's and Mr. Ambrosio's letters suggest that Shahid previously sought to appear *pro se* because he was dissatisfied with their representation rather than fromally waiving his right to counsel. (*See* ECF Nos. 244, 263). Thus, Shahid has not shown that his decision "to represent himself [was] intelligently and competently made." *United States v. Holland*, 794 F.App'x 199, 202 (3d Cir. 2019) (internal quotation marks and citation omitted).

Accordingly, because he neither established good cause to relieve Mr. Ambrosio nor waived his right to counsel, Shahid must "either proceed with current counsel or represent himself." *United States v. Morris*, 561 F.App'x 180, 191 (3d Cir. 2014) (internal quotation marks and citation omitted); *see also Carter*, 2024 WL 195475, at *4. Consequently, Shahid shall file a letter within 14 days advising whether he accepts Mr. Ambrosio's representation or chooses to proceed *pro se*. *See Welty*, 674 F.2d at 188.

Following receipt of Shahid's letter, the Court will schedule a hearing to "ensur[e] that" Shahid's "choice of self-representation is made knowingly and intelligently, with an awareness of the dangers and disadvantages inherent in defending oneself." *Id.* at 188 (citation omitted). The Court will advise Shahid "of the technical problems he may encounter in acting as his own attorney and of the risks he takes if his defense efforts are unsuccessful[,]" including responsibility for "conduct[ing] his defense in accordance with the Federal Rules of Evidence and Criminal Procedure," which may "hamper[]" Shahid "in presenting his best defense by his lack of knowledge of the law; and the effectiveness of his defense may well be diminished . . . ." *Id.* at 188. Nonetheless, should Shahid choose to represent himself, the Court may appoint Mr. Ambrosio "as standby counsel" at trial. *Morris*, 561 F.App'x at 190-91.

IV.     **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Shahid's Letter Motion (ECF No. 342) as to the request for the appointment of new CJA counsel.

DATED: June 3, 2024

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

8